PETER MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

JAY KASNER (*pro hac vice* pending)
jay.kasner@skadden.com
SCOTT D. MUSOFF (*pro hac vice* pending)
scott.musoff@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:   (212) 735-3000
Facsimile:   (212) 735-2000

Attorneys for Defendants Centene Corp.,
Michael F. Neidorff, and Jeffrey A. Schwaneke

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ISRAEL SANCHEZ, Individually and On Behalf of All Others Similarly Situated<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTENE CORP., MICHAEL F. NEIDORFF, and JEFFREY A. SCHWANEKE,<br><br>　　　　　　　Defendants. | CASE NO.:  2:16-cv-08469-AB-AGR<br><br>**(1) DEFENDANTS' EX PARTE APPLICATION TO HAVE DEFENDANTS' TRANSFER MOTION AND THE LEAD PLAINTIFF MOTIONS HEARD TOGETHER**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**<u>FILED UNDER SEPARATE COVER:</u>**<br><br>**(3) DECLARATION OF PETER MORRISON**<br><br>**(4) [PROPOSED] ORDER**<br><br>Hon. André Birotte Jr.<br> Courtroom:7B<br>Hearing: TBD<br>Time:  TBD |

---

DEFENDANTS' EX PARTE APPLICATION

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants Centene Corporation, Michael F. Neidorff, and Jeffrey A. Schwaneke (the "Defendants") hereby apply *ex parte* to have their motion to transfer (the "Transfer Motion") heard on the same date as the four motions for appointment as lead plaintiff (collectively, the "Lead Plaintiff Motions"). By this *ex parte* application, Defendants seek an order setting the Transfer Motion and the Lead Plaintiff Motions for hearing on the same day. Defendants request that the Court continue the hearing on the Lead Plaintiff Motions from February 13 to February 27, 2017 at 10:00 a.m. – the date currently set for the hearing on the Transfer Motion. Alternatively, Defendants seek an order setting the Transfer Motion for hearing on February 13, 2017 at 10:00 a.m. – the date currently set for the hearing on Lead Plaintiff Motions – and shortening the time for Defendants to file a reply, if any, in further support of the Transfer Motion to January 30, 2017. Absent either alternative relief, Defendants request that the Court set both the Transfer Motion and the Lead Plaintiff Motions for hearing together at another date and time convenient for the Court.

This *ex parte* application is based upon this application, the concurrently-filed Declaration of Peter Morrison, the concurrently-filed Transfer Motion with accompanying Memorandum of Points and Authorities and Declaration of Jeffrey A. Schwaneke, as well as all pleadings and papers in this action, and upon such other matters as may be presented to the Court.

DEFENDANTS' EX PARTE APPLICATION

Pursuant to Local Civil Rule 7-19, counsel of record for parties to this action are:

Danielle S. Myers
(dmyers@rgrdlaw.com)
ROBBINS GELLER RUDMAN AND DOWD LLP
655 West Broadway, Suite 1900
San Diego, C.A. 92101
Phone: 619-231-1058
Fax: 619-231-7423
*Attorney for Lead Plaintiff Movant UA Local 13 Pension Fund*

Blair A. Nicholas
(blairn@blbglaw.com)
BERNSTEIN LITOWITZ BERGER AND GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, C.A. 92130
Phone: 858-793-0070
Fax: 858-793-0323
*Attorney for Lead Plaintiff Movant Louisiana Sheriffs' Pension & Relief Fund*

Jennifer Pafiti
(jpafiti@pomlaw.com)
POMERANTZ LLP
468 North Camden Dr
Beverly Hills, CA 90210
Phone: 818-532-6499
Fax: 212-661-8665
*Attorney for Lead Plaintiff Movants Sunil Chand and Amir Softic*

Robert V. Prongay
(rprongay@glancylaw.com)
GLANCY PRONGAY AND MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, C.A. 90067
Phone: 310-201-9150
Fax: 310-201-9160
*Attorneys for Lead Plaintiff Movant Richard P. Wolsfeld, Jr.*

Robert V. Prongay
(rprongay@glancylaw.com)
Charles H. Linehan
(clinehan@glancylaw.com)
Lesley F. Portnoy
(LPortnoy@glancylaw.com)
Lionel Z. Glancy
(lglancy@glancylaw.com)
GLANCY PRONGAY AND MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, C.A. 90067
Phone: 310-201-9150
Fax: 310-201-9160
*Attorneys for Plaintiff Israel Sanchez*

DEFENDANTS' EX PARTE APPLICATION

Pursuant to Local Rule 7-19.1, Defendants' counsel gave notice of this application to the above counsel for Lead Plaintiff Movants via email on January 14, 2017. (*See* Declaration of Peter Morrison, concurrently-filed under separate cover, at ¶ 3.) This *ex parte* application is made after a conference of counsel regarding the relief sought in the Transfer Motion pursuant to Local Rule 7-3, which took place via email from January 14 through January 17, 2017. Movant UA Local 13 Pension Fund does not oppose the Transfer Motion or this *ex parte* application. (*Id.* ¶ 5.) Movant Louisiana Sheriffs' Pension & Relief Fund stated it does not consent to a transfer and does not agree to the relief requested in the *ex parte* application. (*Id.* ¶ 6.) The remaining Lead Plaintiff Movants did not provide a response to Defendants' January 14, 2017 correspondence. (*Id.* ¶ 7.)

DATED: January 18, 2017

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____ */s/ Peter Morrison* _____
Peter Morrison
*Attorneys for Defendants*

DEFENDANTS' EX PARTE APPLICATION

### <u>MEMORANDUM OF POINTS & AUTHORITIES</u>

By this *ex parte* application, Defendants Centene Corporation ("Centene"), Michael F. Neidorff, and Jeffrey A. Schwaneke (collectively, the "Defendants") seek an order setting Defendants' motion to transfer (the "Transfer Motion") and the four pending motions for appointment of lead plaintiff (the "Lead Plaintiff Motions") for hearing on the same day.  Defendants request that the Court continue the hearing on the Lead Plaintiff Motions by a mere two weeks from February 13 to February 27, 2017 at 10:00 a.m. – the date currently set for the hearing on the Transfer Motion. Alternatively, Defendants seek an order setting the Transfer Motion for hearing on February 13, 2017 at 10:00 a.m. – the date currently set for the hearing on Lead Plaintiff Motions – and shortening the time for Defendants to file a reply, if any, in further support of the Transfer Motion to January 30, 2017.  Absent either alternative relief, Defendants request that the Court set both the Transfer Motion and the Lead Plaintiff Motions for hearing together at another date and time convenient for the Court.

Named plaintiff, Israel Sanchez, commenced this putative securities fraud class action on November 14, 2016.  On January 13, 2017, four putative class members (the "Lead Plaintiff Movants") filed separate motions pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, to be appointed the lead plaintiff of the putative class action and for their counsel to be appointed lead counsel for the putative class.  The Lead Plaintiff Movants noticed the Lead Plaintiff Motions for a February 13 hearing date.

Defendants have filed a motion to transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404, because, among other reasons:  (i) Centene is headquartered in the Eastern District of Missouri; (ii) the Individual Defendants reside in the Eastern District of Missouri; (iii) the alleged violations of securities law would have occurred in the Eastern District of Missouri; and (iv) none of the Movants stated they reside in the Central District of California.  (*See* concurrently

filed Transfer Motion (Dkt. )).  The Transfer Motion is noticed for a February 27 hearing date.

Through this *ex parte* request, Defendants now ask to have the Transfer Motion and Lead Plaintiff Motions heard on the same day.  Courts in this District have the power both to continue a noticed hearing date to a later date or to move a hearing to a date earlier than the noticed date.  *See* L.R. 6-1; L.R. 7-11.  Courts hold that requests for "routine procedural order[s] that cannot be obtained through a regularly noticed motion," such as "to shorten the time within which a motion may be brought," are the very type of requests that warrant *ex parte* relief.  *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013); *Morales v. Prolease PEO, LLC*, No. CV-11-10389 MMM (JCGx), 2011 WL 6740329, at *1 (C.D. Cal. Dec. 22, 2011) (holding same and granting application to shorten time); *see also* Fed. R. Civ. Proc. 6(c)(1)(C) (providing that "for good cause," a party may seek an order on an *ex parte* basis setting a "different time" for a hearing on a motion).  Thus, courts grant *ex parte* applications for such procedural relief when "good cause" is shown.  *See, e.g.*, *Morales*, 2011 WL 6740329, at *1; *Bonzani v. Shinseki*, No. 2:11-cv-00007-EFF, 2014 WL 2521849, at *1 (E.D. Cal. June 4, 2014) (granting *ex parte* application to shorten time); *Suja Life, LLC v. Pines Int'l, Inc.*, Case No. 16CV985-GPC(WVG), 2016 WL 4142337, at *1 (S.D. Cal. Aug. 4, 2016) (granting *ex parte* motion to continue hearing date); *Smith v. Levinson*, Case No. SACV 12-1511 AG (ANx), 2013 WL 12153548, at *1 (C.D. Cal. Nov. 27, 2013) (same).

Good cause exists here.  Defendants seek to have the Transfer Motion and Lead Plaintiff Motions scheduled for the same hearing date so the Court can first consider the Transfer Motion, and then the Lead Plaintiff Motions.  If the Court grants the Transfer Motion, then the court in the Eastern District of Missouri can consider the pending Lead Plaintiff Motions. If this Court denies the Transfer Motion, then it can consider the Lead Plaintiff Motions immediately thereafter.

In the interest of judicial comity and efficiency, courts routinely defer

DEFENDANTS' EX PARTE APPLICATION

appointing a lead plaintiff until after ruling on a transfer motion.  *See, e.g.*, *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *10 (S.D.N.Y. June 17, 2015) ("Because the Court grants Defendants' transfer motion, it will leave the determination as to the appointment of the lead plaintiff and lead counsel to the transferee court."); *Hanrahan v. Hewlett-Packard Co.*, No. C 05-02047 CRB, 2006 WL 1699573, at *2 (N.D. Cal. June 16, 2006) (noting that at request of defendants, District of Connecticut deferred ruling on lead plaintiff motions until resolution of defendants' motion to transfer to Northern District of California, and then granted motion to transfer); *Ahrens v. Cti Biopharma Corp.*, 16 Civ. 1044 (PAE), 2016 WL 2932170, at *2 (S.D.N.Y. May 19, 2016) (granting transfer and denying lead plaintiff motions without prejudice to refile in transferee court).  Hearing the Motions on the same day also promotes judicial and party efficiency because the parties would not need to make multiple appearances before the Court within a two-week period.

Defendants prefer that the Court continue the hearing on the Lead Plaintiff Motions by two weeks to February 27, the day of the currently noticed hearing on the Transfer Motion.  (Defendants would have gladly appeared on February 20, but the Court is closed for a federal holiday that day.)  Counsel for Defendants is currently scheduled to appear before the Ninth Circuit Court of Appeals on February 13, and therefore, is unable to appear on February 13.  (*See* Declaration of Peter B. Morrison ("Morrison Decl.") ¶ 8; Ex. 5.)  Continuing the hearing on the Lead Plaintiff Motions by two weeks to the very next available hearing date also causes no prejudice to Lead Plaintiff Movants.

Alternatively, if the Court accelerates the Transfer Motion to February 13 and enters Defendants' proposed briefing schedule, doing so would only shorten the notice on the Transfer Motion by *two days*.  Defendants are willing to reduce their time to file a reply brief by two days so the Lead Plaintiff Movants have the full seven days to oppose the Transfer Motion, and therefore, will not incur any prejudice.

DEFENDANTS' EX PARTE APPLICATION

While Defendants include this alternative relief, Defendants prefer to continue the Lead Plaintiff Motions to February 27 due to counsel's conflict on February 13, if acceptable to the Court.

Defendants acted promptly to notify the Lead Plaintiff Movants of Defendants' requested relief.   Prior to the filing of the Lead Plaintiff Motions identifying counsel for each Lead Plaintiff Movant, Defendants did not know who to contact to discuss a possible stipulated transfer of this action that would avoid unneeded motion practice. Indeed, the plaintiff who filed a complaint in this action, Israel Sanchez, did not move to be appointed lead plaintiff.  The Lead Plaintiff Motions were filed late in the evening on February 13.  (Morrison Decl. ¶ 2.)  The very next morning, counsel for Defendants e-mailed counsel for the Lead Plaintiff Movants stating Defendants' intent to seek a transfer of this action to the Eastern District of Missouri. Accordingly, Defendants inquired whether the Lead Plaintiff Movants would either (i) consent to the transfer; or (ii) alternatively, stipulate to have the Lead Plaintiff Motions and the Transfer Motion heard on the same day.  Counsel asked for the Lead Plaintiff Movants' responses to the alternative requests by the close of business Tuesday, January 17, in order to give the Lead Plaintiff Movants ample time to consider the request. (*Id.* ¶¶ 3-4.)  Lead Plaintiff Movant UA Local 13 Pension Fund responded that it does not oppose the Transfer Motion or having the Transfer Motion and Lead Plaintiff Motions heard together on February 27.  (*Id.* ¶ 5.)

Lead Plaintiff Movant Louisiana Sheriffs' Pension & Relief Fund responded that it does not consent to transfer and does not agree to have the Transfer Motion and Lead Plaintiff Motions heard together.   (*Id.* ¶ 6.)  The remaining Lead Plaintiff Movants did not respond to the requests. (*Id.* ¶ 7.)   In refusing to consent to have the Motions heard together, counsel for Lead Plaintiff Movant Louisiana Sheriffs' Pension & Relief Fund suggested that "[D]efendants waited so long to raise the issue of transfer." (Morrison Decl. Ex. 3.)  However, Defendants' counsel contacted counsel for the Lead Plaintiff Movants mere hours after learning who they were.

For the foregoing reasons, this Court should grant Defendants' *ex parte* application and issue an order continuing the hearing on the Lead Plaintiff Motions to February 27. Alternatively, the Court should move the hearing on the Transfer Motion to February 13 and direct Defendants to file a reply brief by January 30. The Court should otherwise set both the Transfer Motion and the Lead Plaintiff Motions for hearing together at another date and time convenient for the Court.

DATED: January 18, 2017

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:     */s/ Peter Morrison*
                Peter Morrison
        *Attorneys for Defendants*

5

DEFENDANTS' EX PARTE APPLICATION