JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL SANCHEZ, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTENE CORP., et al.,<br><br>Defendants. | Case No. CV 16-08469 AB (AGRx)<br><br>ORDER **GRANTING** MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF MISSOURI |

Before the Court is a Motion to Transfer Venue to the Eastern District of Missouri ("Motion," Dkt. No. 28) filed by Defendants Centene Corp. ("Centene"), Michael F. Neirdorff and Jeffrey A. Schwaneke ("Defendants"). Plaintiff Louisiana Sheriffs' Pension and Relief Fund ("LSPRF") filed an opposition, and Defendants filed a Reply. The Court previously took the motion under submission. For the following reasons, the Motion is **GRANTED**.

**BACKGROUND**

In this class action, Plaintiffs allege that Centene's provisional accounting for certain liabilities in connection with its acquisition of Health Net, Inc. ("Health Net"), which it acquired in March 2016, were materially false and misleading. (Compl. ¶¶

3, 5.) Plaintiffs assert two claims under federal securities law. Centene is headquartered in St. Louis, Missouri, and the individual defendants, officers of Centene, also work and live in the St. Louis area. (Schwaneke Delck. ¶ 13.) Health Net's principal executive offices are in this district. Although named Plaintiff Israel Sanchez resides in this district, he has not moved to be appointed lead plaintiff. None of the four plaintiffs who have applied to be lead plaintiff resides in this district.

Defendants now move under 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Eastern District of Missouri. For the following reasons, the Court **GRANTS** the Motion.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The following factors are relevant to the "interests of justice" element: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). Each potential forum's relative interest in the case is also relevant. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000).

These factors weigh in favor transfer.

First, the convenience of the parties weighs in favor of transfer. All defendants reside in the Eastern District of Missouri. Although the named plaintiff, Israel Sanchez, resides in this district, this is a class action, so his place of residence carries little weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of

forum is given less weight."). The importance of Sanchez's place of residence is further diminished because he has not moved to be appointed lead plaintiff. Of the four plaintiffs who have moved to be lead plaintiffs, none of them reside in this district, and three did not oppose the motion to transfer. Thus, the convenience of all parties overall militates in favor of transfer.

Second, the convenience of the witnesses also weighs in favor of transfer. Because the gravamen of this case is whether Centene made false and misleading statements in its quarterly report, Centene departments and personnel responsible for Centene's financial analysis and financial reporting will be key witnesses. The key witnesses are therefore all located in the Eastern District of Missouri. LSPRF lists a number of non-party witnesses who may be relevant to this case, including, for example, former Health Net executives. But this case is about Centene's accounting and disclosures after it acquired Health Net, not about the conduct of Health Net personnel.

Third, the weight of the public interest factors applicable here favor transfer. Familiarity with the relevant law is neutral because Plaintiff's claims arise under federal securities law and not state law. Plaintiff's choice of forum is not entitled to much deference because this is a class action and, in any event, he is not seeking to be appointed lead plaintiff. The respective parties' contacts with the forum favor transfer because while Centene has significant operations in this district, it is headquartered in the Eastern District of Missouri, whereas none of the proposed lead plaintiffs has a significant connection to the Central District of California. The conduct giving rise to Plaintiffs' claims are also more closely tied to the Eastern District of Missouri because they arise out of Centene's accounting and financial disclosures – conduct that occurred in the Eastern District of Missouri. While some plaintiffs purchased their securities in this district, that does not outweigh the fact that Centene's alleged false statements occurred in the Eastern District of Missouri. *See, e.g., In re Yahoo! Inc.*, 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008) ("this case turns on the allegedly

false public statements and the decisions made by Yahoo!'s senior management, which indisputably occurred at Yahoo!'s headquarters. Because Yahoo!'s headquarters is the 'factual center of this case, and the locus of all relevant decisionmaking,' plaintiffs' claims have stronger contacts with the Northern District.") (citation omitted). The Court has no data on the difference in the costs of litigating in the two fora, nor does either side squarely address how the availability of compulsory process applies. The ease of access to sources of proof favors transfer because it appears that most of the relevant documents are in Centene's possession in the Eastern District of Missouri. Finally, the relative interest of each state in this dispute is either neutral or favors transfer. Plaintiffs' claims arise under the federal securities law, so neither California nor Missouri law is implicated. Both states have an interest in protecting their citizens from misrepresentations in connection with financial disclosures, and as the class is nationwide, certainly the class includes citizens of each state. However, Missouri has a greater local interest because of its interest in ensuring that corporations doing business within its borders comply with federal securities law, so this favors transfer.

The Court has considered all of LSPRF's counterarguments and is not persuaded. The Court therefore finds that Defendants have met their burden under 28 U.S.C. § 1404(a) and that transferring this action to the Eastern District of Missouri best serves the convenience of the parties and witnesses, and is in the public interest.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **ORDERS** that this action shall be transferred to the Eastern District of Missouri. The Clerk of the Court is directed to take all necessary steps to facilitate the transfer of this action.

The motions for appointment as lead plaintiffs (Dkt. Nos. 15, 18, 23, 27) are hereby **DENIED WITHOUT PREJUDICE** to their refiling in the transferee district.

**IT IS SO ORDERED.**

Dated: March 1, 2017

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE